UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL GAINES,                              :
                                            :
            Plaintiff                       :
                                            :
      v.                                    : CIVIL NO. 3:CV-07-0654
                                            :
York County Prison, <u>et</u> <u>al</u>.,              : (Judge Kosik)
                                            :
            Defendants                      :

**M E M O R A N D U M**

**Background**

      Samuel Gaines filed this civil rights action pursuant to 42 U.S.C. § 1983.  He is

currently confined at the York County Prison, Pennsylvania.  Along with the complaint,

he filed a motion seeking leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in this matter.[1] Named as

defendants are the York County Prison, Deputy Warden Thomas and Counselor Beata.

Plaintiff alleges that he was placed in the York County Prison on February 2, 2007, for

traffic fines and domestic relations violations.  According to him, this is considered

"minimum or medium confinement."  (Doc. 1, Compl. at 2.)  Upon arrival, it appears he

had an intake interview with Counselor Beata. Later that evening, Plaintiff was placed

---

[1] Gaines completed this court's form application for leave to proceed <u>in</u> <u>forma</u>
<u>pauperis</u> and authorization form.  An Administrative Order was thereafter issued on
April 6, 2007 (Doc. 5), directing the warden at the York County Prison to commence
deducting the full filing fee from plaintiff's prison trust fund account.

in maximum security housing.  He wrote to Defendant Thomas to inquire why he was not

placed in medium or minimum security.  Plaintiff was informed that he was placed there

due to his size, experience and because he did not interview well. Plaintiff argues that

he never had a write-up in any jail and claims that Counselor Beata just didn't like him

and placed him in maximum security to be callous because he does not even have a

criminal charge against him.  As relief, Plaintiff seeks monetary damages, to be moved

into medium or minimum security and to have all Defendants reprimanded.    The

complaint is presently before the court for preliminary screening pursuant to 28 U.S.C.

§ 1915(e).  For the reasons that follow, the complaint will be dismissed for failure to

state a claim upon which relief may be granted.

## Discussion

Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that
> may have been paid, the court shall dismiss the case at any
> time if the court determines that - (A) the allegation of poverty
> is untrue; or (B) the action or appeal (i) is frivolous or
> malicious; (ii) <u>fails to state a claim upon which relief may be
> granted</u>; or (iii) seeks monetary relief against a defendant who
> is immune from such relief.

(Emphasis added.)  Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in

response to a complaint, to file a motion to dismiss a claim or claims for "failure to state

a claim upon which relief can be granted . . . ."  Section 1915(e)(2)(B)(ii) provides this

ground for summary dismissal of a complaint (before service) - - failure to state a claim

2

under Rule 12(b)(6) principles.  In Rule 12(b)(6) analysis, the court must accept the veracity of a plaintiff's factual allegations. White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  "The test for reviewing a 12(b)(6) motion is whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Simon v. Cebrick, 53 F.3d 17, 19 (3d Cir. 1995).

In order to ". . . state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.), cert. denied, 516 U.S. 858 (1995).

In the instant case, Plaintiff complains about where he is confined in the prison. He believes he should be in minimum or medium security housing based upon his charged offenses, but is currently confined in maximum security housing. Because Plaintiff does not specify, the court will liberally read the complaint to set forth both procedural and substantive challenges to the maximum security confinement.

It is well established that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison.  Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, reh'g denied, 429 U.S. 873 (1976).  It has likewise been held that the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of

confinement.  See Meachum, 427 U.S. at 225(no liberty interest arising from Due Process Clause itself in transfer from low to maximum security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose").  It has also been held, however, that a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations, subject to the important limitations set forth in Sandin v. Conner, 515 U.S. 472 (1995).  The Due Process Clause protects a prisoner's right to "freedom from restraint, which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship in relation to the ordinary incidents of prison life.  Wilkinson v. Austin, ___ U.S. ___, ___, 125 S. Ct. 2384, 2394, 162 L.Ed.2d 174 (2005)(quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

In Francis v. Dodrill, 2005 WL 2216582, *3 (M.D. Pa. Sept. 12, 2005), this court cited to Wilkinson, where the Supreme Court applied the Sandin test and found that the plaintiff's due process rights were implicated when he was placed in a program where:

> almost all human contact is prohibited, even to the point that conversation is not permitted from cell to cell; the light, though it may be dimmed, is on for 24 hours; exercise is for 1 hour per day, buy only in a small indoor room .... [P]lacement ... is indefinite and, after an initial 30 day review, is reviewed just annually ....[P]lacement disqualifies an otherwise eligible inmate for parole consideration.

4

Id. at 2394-95.  The Wilkinson Court found that these harsh conditions "give rise to a liberty interest in their avoidance."  Id. at 2395.

In Francis, this court also discussed  Fraise v. Terhune, 283 F.3d 506 (3d Cir. 2002), wherein the Third Circuit Court of Appeals applied the Sandin test and found that avoiding placement in the Security Threat Group Management Unit (STGMU) in the New Jersey prison system is not a protected liberty interest.  The inmates placed in this unit were those considered a security threat due to their affiliation with certain prison groups.  The inmates in this unit remain in maximum security custody until they successfully complete a multi-step behavioral modification program.  Such a unit is similar to the SMU unit at issue in the instant case.  The Third Circuit found that despite additional restrictions, no due process concerns arise in avoiding placement in this unit. Id. at 511.

While Plaintiff clearly would prefer to be housed in another area of the prison, his preference is not a liberty interest protected by the Due Process Clause.  He admits in the complaint that he was provided reasons for his initial placement in maximum security following his intake interview - that he did not do well in the interview and because of his size and his experience.  Further, there are absolutely no allegations in the complaint even suggesting that he is currently subjected to any conditions which rise to the "atypical deprivation" necessary to implicate a liberty interest triggering due process

protections.  See Holbrook v. Walters, et al., Civil No. 3:CV-03-0033 slip op. at *16 (M.D. Pa. Feb. 26, 2004) (Vanaskie, C.J.).

To the extent Plaintiff attempts to set forth an Eighth Amendment claim based upon his being housed in the maximum security area of the prison, he also fails to state a claim upon which relief may be granted. The Eighth Amendment prohibition against cruel and unusual punishment demands that prison officials do not house inmates under conditions that deprive them of one or more basic human needs, such as the basic human need for reasonable safety, adequate physical space, and the need for some degree of ventilation and fresh air.  Helling v. McKinney, 509 U.S. 25, 32 (1993).  However, the Eighth Amendment does not mandate that prisons be free of discomfort.  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  "No static test determines whether conditions of confinement are 'cruel and unusual.'  These terms must 'draw [their] meaning from the evolving standards of decency that mark the progress of a maturing society.'" Tillery v. Owens, 719 F. Supp. 1256, 1262 (W.D. Pa. 1989) (citing Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).  Conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  Rhodes, 452 U.S. at 348.

To establish an Eighth Amendment claim, Plaintiff must show that the conditions of his confinement pose "a substantial risk of serious harm" to his health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  In reviewing this type of claim, the courts have stressed the duration of the complainant's exposure to the alleged unconstitutional

6

conditions and the "totality of the circumstances" as critical to a finding of cruel and

inhumane treatment.  Moreover, the focus must be on the deprivation of a particular

basic necessity.  As explained in Wilson v. Seiter, 501 U.S. 294, 304-05 (1991):

> some conditions of confinement may establish an Eighth
> Amendment violation 'in combination' when each would not
> do so alone, but only when they have a mutually enforcing
> effect that produces the deprivation of a single, identifiable
> human need such as food, warmth, or exercise - -for example,
> a low cell temperature at night combined with a failure to
> issue blankets.  To say that some prison conditions may
> interact in this fashion is a far cry from saying that all prison
> conditions are a seamless web for Eighth Amendment
> purposes. Nothing so amorphous as 'overall conditions' can
> rise to the level of cruel and usual punishment when no
> specific deprivation of a single human need exists.

In addition to showing conditions that pose a significant risk of serious harm, the

inmate must show that the person or persons responsible for the conditions of

confinement acted with "a sufficiently culpable state of mind." Wilson, 501 U.S. at 298.

As described by the Supreme Court in Farmer, the standard for determining deliberate

indifference in a conditions of confinement case is whether a prison official knew of and

disregarded an excessive risk to an inmates's health or safety.  Farmer, 511 U.S. at 837.

The Court added that "it is enough that the official acted or failed to act despite his

knowledge of a substantial risk of harm."  Id. at 842.  There are no such allegations set

forth by Plaintiff which even suggest that the conditions in the maximum security

housing unit rise to the deprivation of "minimal civilized measure of life's necessities"

required to constitute cruel and unusual punishment under the principles set forth above.

<u>See</u> <u>Francis v. Dodrill</u>, 2005 WL 2216582 at *5.  While Plaintiff believes his life is placed in danger merely by being housed in the maximum security unit, there are no allegations even suggesting that his current conditions of confinement pose "a substantial risk of serious harm" to his health or safety.  He simply is unhappy with his housing assignment, and desires to be housed in a minimum or medium housing block.  Accordingly, his complaint will be dismissed for failure to state a claim upon which relief may be granted.  An appropriate order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


SAMUEL GAINES,                          :
                                        :
            Plaintiff                   :
                                        :
     v.                                 :   CIVIL NO. 3:CV-07-0654
                                        :
YORK COUNTY PRISON, et al.,             :   (Judge Kosik)
                                        :
            Defendants                  :


### O R D E R

**NOW, THIS 11TH DAY OF APRIL, 2007,** in accordance with the foregoing

Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.    The complaint is dismissed for failure to state a claim pursuant to 28
      U.S.C. § 1915(e)(2)(B)(ii).

2.    The Clerk of Court is directed to close this case.

3.    Any appeal taken from this Order will be deemed frivolous, lacking in
      good faith and without probable cause.



                                  s/Edwin M. Kosik
    _____
                                  United States District Judge